## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DAVID R. OWENS,<br><br>　　　Plaintiff,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC., ALDRIDGE CONNORS LLP, THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK, AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR BEAR STEARNS ASSET BACK SECURITIES BEAR STEARNS ALT A TRUST MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-1,<br><br>　　　Defendants. | CIVIL ACTION NO.<br>1:15-CV-02886-ODE-GGB |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

This lawsuit is nothing more than a stalling tactic by Plaintiff David R. Owens in an effort to delay the lawful foreclosure of residential property located at 737 Winbrook Drive, McDonough, Henry County, Georgia 30253 (the "Subject Property"). For years, Plaintiff has failed to make any payments on his mortgage loan, essentially living for free in the Subject Property. He previously avoided foreclosure proceedings by filing for bankruptcy. And now, despite having

1

ATL:0530018/00945:434389v4

advised the Bankruptcy Court in 2012 that he intended to surrender the Subject Property, he has filed the instant lawsuit seeking to prohibit any future foreclosure sale. As shown below, this case has no merit.

Plaintiff's Complaint does not identify any specific conduct by any the named defendants that would give rise to a viable claim. Plaintiff also fails to comply with Federal Rules of Civil Procedure 8, 9, and 12(b)(6), as the Complaint is a shotgun pleading, Plaintiff has not pled fraud with particularity, and Plaintiff has not and cannot state any plausible claims entitling him to relief. Because Plaintiff's motives are improper, and his claims are meritless and fatally deficient, this action should be dismissed with prejudice.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff executed a promissory note on November 16, 2005, in favor of Pine Street Mortgage Corporation ("Pine Street") in the original principal amount of $136,000.00. That same day, he executed a Security Deed in favor of Pine Street, which Security Deed was recorded on November 28, 2005, at Deed Book 8703, Page 97, Henry County, Georgia, official records.[1] A copy of the Security Deed is attached to the Notice of Removal as Exhibit D. (Doc. 1-4.)

---

[1] A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment . . . . Public records are

ATL:0530018/00945:434389v4

Thereafter, the Security Deed was assigned by MERS, as nominee for Pine Street, to JP Morgan Chase Bank, N.A. ("JP Morgan"), as evidenced by the Corrective Assignment recorded on October 13, 2014, at Deed Book 13764, Page 304, Henry County real estate records (the "Corrective Assignment").  A copy of the Corrective Assignment is attached hereto as Exhibit A.[2]  The Security Deed was subsequently assigned to Trustee, as evidenced by the assignment recorded on October 13, 2014, at Deed Book 13764, Page 302, Henry County real estate records (the "Final Assignment").  A copy of the Final Assignment is attached hereto as Exhibit B.

Following Plaintiff's default on his Loan, Plaintiff filed for Chapter 13 bankruptcy relief on July 5, 2012, in the U.S. Bankruptcy Court for the Northern District of Georgia, commencing a case styled *In re David R. Owens*, Case No. 12-67084-pwb.  In his schedules, he states the Subject Property is "to be surrendered" and he lists JP Morgan, Trustee's predecessor-in-interest, as the secured creditor. (Ex. C, p. 19.)  A copy of the petition is attached as Exhibit C.  Similarly, his Amended Chapter 13 Plan, filed September 12, 2012, designates the Subject

among the permissible facts that a district court may consider." *Univ. Express, Inc. v. S.E.C.*, 177 F. App'x. 52, 53 (11th Cir. 2006).

[2] The Corrective Assignment was necessary to correct an error in the name of the assignee.  (*See* Ex. A, p. 1.)

3

Property to be surrendered to JP Morgan.  (Ex. D, p. 4.)  A copy of the Amended Chapter 13 Plan is attached as Exhibit D.  The Court entered an order approving the Amended Chapter 13 Plan on September 27, 2012.  A copy of the Court's order is attached as Exhibit E.

The Subject Property was advertised for a foreclosure sale in May 2015. Plaintiff David R. Owens ("Plaintiff") filed this lawsuit on May 29, 2015, seeking damages, declaratory relief, and injunctive relief against Select Portfolio Servicing, Inc. ("SPS"), Aldridge Connors, LLP ("Aldridge Connors"), and The Bank of New York Mellon, as f/k/a The Bank of New York as Successor in Interest to JP Morgan Chase Bank N.A., as Trustee for Bear Stearns Asset Back Securities Bear Stearns Alt A Mortgage Pass Through Certificates Series 2006-1 ("Trustee").  In the Complaint, Plaintiff attempts to allege the following claims: (1) set aside foreclosure (2) breach of covenant or agreement, (3) wrongful foreclosure, (4) fraud, (5) negligent servicing, (6) and declaratory and injunctive relief.  (Doc. 1-2, pp. 2-20.)  Each of these purported claims arises out of the putative foreclosure sale of the Subject Property.  Though a foreclosure sale was scheduled, to date, no foreclosure sale has taken place.

4

**ARGUMENT AND CITATION TO AUTHORITY**

I.      **Judicial estoppel bars Plaintiff's claims.**

"The doctrine of judicial estoppel precludes a plaintiff from asserting a position in a judicial proceeding that contradicts the position taken under oath in a bankruptcy proceeding." *Farr v. Hall Cty. Ga.*, Case No. 2:11-CV-00074-RWS, 2011 WL 5921462, *8 (N.D. Ga. Nov. 8, 2011) (citing *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1271 (11th Cir. 2004)). The Eleventh Circuit applies a two prong test in determining whether to apply the doctrine: (1) "the prior inconsistent position must be asserted under oath," and (2) "whether the inconsistent statements amount to a manipulation of the judicial system." *Id.* (citing *Burnes v. Pemco Aeroplex*, 291 F.3d 1282, 1285-88 (11th Cir. 2002)).

In his bankruptcy schedules, he designated the Subject Property as "to be surrendered" and he identifies JP Morgan, Trustee's predecessor-in-interest, as the secured creditor. (Ex. C, p. 19.)  In his Amended Chapter 13 Plan, Plaintiff again advises the Subject Property is "to be surrendered" and he lists JP Morgan, Trustee's predecessor-in-interest, as the secured creditor. (Ex. D, p. 4.)  Both the Court and the Defendants relied on Plaintiff's representations with respect to the surrender of the Subject Property as indicated by the

5

ATL:0530018/00945:434389v4

absence from the record in the Bankruptcy Court of a motion for relief from the automatic stay.  The Court entered an order confirming the Amended Plan. (Ex. E.)  To date, Plaintiff has not sought to further amend the confirmed Plan or change his position in the Bankruptcy Case, as to the Subject Property.

Yet, now, in filing the instant action, Plaintiff purports to take a position that is entirely inconsistent with the statements he made under oath in his bankruptcy proceeding – namely, that Trustee's lawful foreclosure proceedings as to the Subject Property should be enjoined, that he is due damages, and that the Property should not be surrendered to Trustee.  His position is untenable. Debtors seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the Bankruptcy Court.  11 U.S.C. §§ 521(1) and 541(a)(7). Consequently, Plaintiff had a statutory duty to disclose all potential assets to the Bankruptcy Court.  S*ee Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010).  Instead of disclosing claims with respect to the Loan, however, **<u>Plaintiff took the opposite position under oath</u>** – that the Subject Property was to be surrendered. (Ex. D, pp. 3, 19.)  Thus, the first prong of the Eleventh Circuit's judicial estoppel test is met.

Full and honest disclosure in a bankruptcy case is "crucial to the effective functioning of the federal bankruptcy system."  *Burnes*, 291 F.3d at

6

1286 (cit. omitted).  Moreover, the duty to disclose is continuing, and does not end once the forms are submitted.  Rather, debtors must amend their financial statements if circumstances change. *See Coppedge v. SunTrust Banks, Inc.*, Case No. 3:08-cv-23, 2009 WL 111639, \*3 (M.D. Ga. Jan. 14, 2009) (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999)).  Here, Plaintiff's failure to disclose his potential civil claim belies his motives. "Intent may be inferred from the record, particularly where a party knew about [the] undisclosed claims and had a motive to conceal them from the bankruptcy court." *Farr*, at \*8 (cits. omitted).  The record clearly demonstrates that Plaintiff has not disclosed to the Bankruptcy Court any of the claims he has asserted in this case, and he has made no mortgage payments since before filing for bankruptcy in July 2012.  These circumstances are exactly what the doctrine of judicial estoppel is designed to address. Specifically, judicial estoppel:

> preclude[s] a bankruptcy debtor from pursuing a damages claim that [the debtor] failed to include in his assets in the bankruptcy petition because a failure to reveal assets, including unliquidated …claims, operates as a denial that such assets exist, deprives the bankruptcy court of the full information it needs to evaluate and rule upon a bankruptcy petition, and deprives creditors of resources that may satisfy unpaid obligations.

ATL:0530018/00945:434389v4

*Sevostiyanova v. Tempest Recovery Servs., Inc.*, 705 S.E.2d 878, 881-82 (Ga. Ct. App. 2011) (cits. omitted).  Plaintiff's promise to surrender the Subject Property, which was confirmed by a Bankruptcy Court order (Ex. E), and his failure to list any claims with respect to the Loan, estops him from asserting such claims here.  *See De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (finding judicial estoppel barred employment claims previously undisclosed to the bankruptcy court).  Dismissal is proper for this reason alone.

## II.     The allegations in the Complaint fail to satisfy Rule 8.

Rule 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8.  To properly comply with Rule 8, a plaintiff is required to demonstrate a valid basis of each cause of action brought, setting forth " 'enough factual matter (taken as true) to suggest' [each] required element." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).  In contrast, the typical shotgun complaint contains "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain

8

irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

Here, Plaintiff has filed a classic "shotgun pleading" against Defendants. The Complaint contains a laundry list of vague and conclusory allegations. Plaintiff jumps haphazardly from topic to topic, making allegations about a foreclosure sale that never took place, and repeatedly referring to a "Defendant" without specifically identifying which Defendant he intends to reference or otherwise distinguishing between the parties. (Doc. 1-2, pp. 5-8, ¶¶ 21-27, 33-38, 44-46.) Nor does Plaintiff cite to any particular conduct at issue. Such failures are precisely "the type of 'unadorned, the-defendant-unlawfully-harmed-me accusation' and 'naked assertion[s] devoid of further factual enhancement' condemned by the Supreme Court." *Kynes v. PNC Mortg.*, No. 1:12-CV-4477-TWT, 2013 WL 4718294, at *15 (N.D. Ga. Aug. 30, 2013) (dismissing defendant where complaint merely named defendant as a party, but contained no specific factual allegations as to defendant's role in the case); *Carr v. Mid-Atl. Fin. Servs., Inc.*, No. 1:10-CV-00477-TWT-AJ, 2010 WL 3368260, at *7 (N.D. Ga. July 27, 2010) (finding that "Plaintiff's reference to [an individual defendant] in the caption of the complaint and

9

general allegation of being harmed by all Defendants does not state a claim against [the individual defendant]").

Although it is true that a pro se plaintiff is generally afforded some leniency, "courts may not act as de facto counsel or 'rewrite an otherwise deficient pleading in order to sustain an action.' " *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Because Plaintiff has offered no factual basis whatsoever in support of his purported claims, this action should be dismissed.  *Giscombe v. ABN Amro Mortg. Grp., Inc.*, 680 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (dismissing complaint where plaintiff "failed to distinguish completely among Defendants, to clarify which allegations correspond to each cause of action, and to remove superfluous allegations").

## III.   Plaintiff is not entitled to equitable relief.

In his Complaint, Plaintiff seeks for this Court to declare the Security Deed and Note void and to permanently enjoin Defendants from foreclosing on the Subject Property.  (*See* Doc. 1-2, p. 13.)  These remedies are equitable in nature, and Plaintiff does not have standing to seek equitable relief because he has not paid all amounts due and owing under the Loan.

Under Georgia law, it is well settled that a mortgage debtor is not entitled to affirmative equitable relief with respect to secured property unless the debtor first

ATL:0530018/00945:434389v4

"pay[s] or tender[s] the creditor the principal and interest due." *Biggers v. Home Bldg. & Loan Ass'n*, 176 S.E. 38, 38 (Ga. 1934); *see also R.R.R. Ltd. P'shp v. Recreational Servs.*, 448 S.E.2d 211, 212-14 (Ga. 1994) (finding trial court erred in granting equitable relief related to foreclosure when plaintiff did not tender principal amount of loan). As the Georgia Supreme Court has explained: "He who would have equity must first do equity, and give effect to all equitable rights in the other party." *Sapp v. ABC Credit & Inv. Co.*, 253 S.E.2d 82, 87 (Ga. 1979); *see also* O.C.G.A. §23-1-10. In cases involving mortgages, "doing equity" requires tendering "the amount due under the security deed and note." *Sapp*, 253 S.E.2d at 87; *see also Hill v. Filsoof*, 618 S.E.2d 12, 14 (Ga. Ct. App. 2005).

To date, Plaintiff has neither tendered the entire unpaid balance of the Loan, nor has he offered to do so. On the contrary, he promised under oath in the Bankruptcy Court to surrender the Subject Property and therefore not make his payments. (Ex. D, pp. 3, 19.) On these facts, Plaintiff cannot seek equitable relief from this Court to enjoin a future foreclosure sale without first offering to pay all amounts due and owed under the Loan. His claims seeking such relief must be dismissed. Moreover, any offer to meet his obligation now would be untimely. *Boyce v. Hughes*, 245 S.E.2d 308, 309 (Ga. 1978) (ruling as a matter of law that

11

debtor must tender indebtedness prior to filing complaint). Accordingly, Plaintiff's claims for equitable and injunctive relief must be dismissed.

## IV. The Complaint fails to state any plausible claim for relief.

Dismissal is also proper under Rule 12(b)(6) because Plaintiff fails to state any plausible claim demonstrating an entitlement to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In the Eleventh Circuit, application of this "plausibility" test involves two steps: First, the court should disregard allegations that are mere legal conclusions. Then, where there are well-pled factual allegations, it must assume their veracity and "determine whether they plausibly give rise to an entitlement to relief." *ADA v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Where the plausibility standard has not been met, the action should be dismissed. *See Twombly*, 550 U.S. at 559.

12

### A.     Plaintiff has not stated a claim for wrongful foreclosure.

As a matter of law, Plaintiff cannot state a claim for wrongful foreclosure because no foreclosure has taken place.  Before a plaintiff can bring a wrongful foreclosure claim in Georgia, a foreclosure sale actually must have occurred. *Jenkins v. McCalla Raymer, LLC*, 492 F.App'x 968, 972 (11th Cir. 2012) ("In the absence of [contrary] authority, we conclude that Georgia law requires a plaintiff seeking damages for wrongful foreclosure to establish that the property at issue was actually sold at foreclosure.").  In this case, there is no question that the foreclosure sale never occurred.  Thus, Plaintiff cannot state a wrongful foreclosure claim as a matter of law.  *Caselli v. PHH Mortg. Corp.*, 1:11-CV-2418-RWS, 2012 WL 124027, at *6 (N.D. Ga. Jan. 13, 2012) (holding there is no claim for wrongful foreclosure where a foreclosure sale has not actually occurred); *Latonnelle v. CitiMortgage, Inc.*, 1:10-CV-04066-TWT, 2011 WL 4974839, at *5 (N.D. Ga. Aug. 22, 2011) *adopted at* 2011 WL 4974827 (N.D. Ga. Oct. 18, 2011) (finding no wrongful foreclosure claim in the absence of a foreclosure sale); *Watkins v. Beneficial, HSBC Mortg.,* 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *5 (N.D. Ga. Sept. 2, 2010) (noting plaintiff failed to state a claim for wrongful foreclosure because defendant had not yet foreclosed).

13

## B.      Any attempted wrongful foreclosure claim fails.

Although a plaintiff may bring an attempted wrongful foreclosure claim before a foreclosure sale under certain conditions, those conditions have not been met here.   To sufficiently state a claim for attempted wrongful foreclosure, Plaintiff must allege that Defendants knowing and intentionally published "untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication."  *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1134 (11th Cir. 2014); *Austin v. Bank of Am., N.A.*, 1:11-CV-3346-RWS, 2012 WL 928732 (N.D. Ga. Mar. 16, 2012) ("In Georgia, a claim for attempted wrongful foreclosure only exists when a foreclosure action was commenced, but not completed, and where the plaintiffs have demonstrated that the defendant 'knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions and that damages were sustained as a direct result.' "); *Aetna Fin. Co. v. Culpepper,* 320 S.E.2d 228, 232 (Ga. Ct. App. 1984) (holding that a plaintiff cannot recover under an attempted wrongful foreclosure claim without alleging libel or false publication).

Here, in support of his attempted wrongful foreclosure claim, Plaintiff appears to allege that Defendants: (1) deprived him of his right under the Security Deed to cure the default and reinstate the Loan; (2) failed to give him notice due

14

under the Security Deed; (3) falsely advertised the sale of the Subject Property; and (4) failed to advertise the sale for four consecutive weeks as required by statute. (Doc. 1-2, pp. 6-7, ¶¶ 29-37.)  Even taking these allegations as true (which is denied), they are insufficient to state a claim for attempted wrongful foreclosure. Plaintiff's default is not in dispute.  Moreover, Plaintiff has not identified a single "untrue" or "defamatory" statement about his financial condition published by SPS or Trustee, which is fatal to maintaining such a claim.  *Austin*, 2012 WL 928732, at *1 (dismissing attempted wrongful foreclosure claim when plaintiffs did not specifically identify defamatory statements).  Therefore, any claim for attempted wrongful foreclosure should be dismissed.

### C.   Plaintiff fails to state a claim for breach of contract and breach of any duty of good faith and fair dealing.

In Count III of the Complaint, Plaintiff alleges that SPS breached the Security Deed because it failed "to accelerate pursuant to paragraph 22 of the non-uniform covenant" and "failed to honor the terms of the Security Deed." (Doc. 1-2, p. 8, ¶¶ 41, 43.)  Plaintiff further alleges that SPS's actions failed to "reflect fair dealing" with respect to the Security Deed.  (Doc. 1-2, p. 8, ¶ 42.)  As shown below, even if true, these allegations do not state a plausible claim.

15

### i.      Plaintiff has no contract with SPS.

As an initial matter, Plaintiff has not and cannot identify a contract that exists between himself and SPS, which failure is fatal to his claim.  Under Georgia law, to establish a claim for breach of contract, a plaintiff must first plead the existence of a valid contract between the parties.  *Eastview Healthcare, LLC v. Synertx, Inc.*, 674 S.E.2d 641, 646 (2009).  After establishing the existence of a valid contract, the plaintiff must allege a material breach and the damages arising therefrom.  *TechBios, Inc. v. Champagne*, 688 S.E.2d 378, 380 (2009).  There is no contact between SPS and Plaintiff.  Accordingly, the claim fails for this reason.

### ii.      Plaintiff was provided the requisite contractual notice.

Paragraph 22 of the recorded Security Deed states, in relevant part:

Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . .  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

(Doc. 1-4, p. 13, ¶ 22.)

16

A Notice of Default/Right to Cure letter ("Default Notice"), dated October 1, 2013, and addressed to Plaintiff, satisfies this notice requirement.  A copy of the Default Notice is attached hereto as Exhibit F.  The Default Notice states that the Loan is in default, provides instructions on how that default can be cured, and states a date thirty (30) days from the date of the letter by which the default must be cured to avoid acceleration of the Loan.  Furthermore, the Default Notice informs Plaintiff that he may have the right to cure the default after acceleration, as well as the possibility that he may have a right to bring a court action to defend against acceleration and foreclosure.  This is exactly what is required under Paragraph 22 of the Security Deed.  Thus, Plaintiff's breach of contract claim fails.

### iii.    No breach of the implied duty of good faith and fair dealing occurred.

Every contract implies a covenant of good faith and fair dealing, but the covenant merely modifies and becomes a part of the provisions of the contract; in other words, the covenant cannot be breached apart from the contract provision it modifies and therefore cannot provide an independent basis for liability.  *Myung Sung Presbyterian Church, Inc. v. N. Am. Ass'n of Slavic Churches*, 662 S.E.2d 745, 748 (Ga. Ct. App. 2008).  As outlined above, Plaintiff failed to state a claim for breach of a valid contract between himself and SPS (or any other party).  Without alleging the proper existence of a contract or identifying the alleged

17

ATL:0530018/00945:434389v4

breach, there can be no claim for breach of the implied duty of good faith and fair dealing. *Id.*

Moreover, under Georgia law, there "can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give [it] the right to do." *S. Bus. Mach. of Savannah, Inc. v. Nw. Fin. Leasing, Inc.*, 390 S.E.2d 402, 405 (1990) (citing *Marathon U.S. Realties v. Kalb*, 260 S.E.2d 85, 87 (Ga. 1979)). Here, Trustee has acted in accordance with the terms of the Security Deed. *Caesar v. Wells Fargo Bank, N.A.*, 744 S.E.2d 369, 374 (Ga. Ct. App. 2013) (dismissing breach of the implied covenant of good faith and fair dealing where plaintiff failed to assert a breach of contract claim). Following Plaintiff's default, Trustee initiated foreclosure proceedings on the Subject Property pursuant to the terms of the Security Deed. (Doc. 1-4, p. 13; Exs. B and C.) Plaintiff has not, and cannot, point to any instances where either SPS or Trustee has acted contrary to the Security Deed. Accordingly, these claims fail as a matter of law.

ATL:0530018/00945:434389v4

## D.    Plaintiff fails to state a claim for negligent servicing.

In Count IV of the Complaint, Plaintiff alleges that SPS[3] "negligently serviced the subject loan in breach of its duty to Plaintiff to maintain proper and accurate loan records . . . ." (Doc. 1-2, p. 8, ¶ 49.)   Georgia does not recognize an independent cause of action for negligent mortgage servicing.  *See Anderson v. Deutsche Bank Nat'l Trust Co.*, 1:11-CV-4091-TWT-ECS, 2012 WL 3756512, at *9 (N.D. Ga. Aug. 6, 2012) *adopted at* 2012 WL 3756435 (N.D. Ga. Aug. 27, 2012) (acknowledging the "undersigned has been unable to find any authority recognizing a tort action for negligent mortgage servicing under Georgia law").

Even to state a simple negligence claim, however, Plaintiff must first identify a duty that SPS owed to him, which he cannot do.  *McMann v. Mockler*, 503 S.E.2d 894, 896 (Ga. Ct. App. 1998).   Georgia does not recognize any fiduciary duty in the mortgagor-mortgagee context.  *Anderson*, 2012 WL 3756512, at *9 (citing *Jenkins v. Wachovia Bank, N.A.*, 724 S.E.2d 1, 5 (2012)) ("[I]n the absence of any special duty due and owing by Defendants to Plaintiff, other than any duties arising out of a contract, there would not be any basis for a claim of negligence."); *Baker v. Campbell*, 565 S.E.2d 855, 859 (Ga. Ct. App. 2002);

---

[3] Although Plaintiff prays for damages from all Defendants under this claim, he asserts allegations against SPS alone, and SPS is the only loan servicer in the case. Thus, Defendants construe this to be a claim solely against SPS.

19

*Pardue v. Bankers First Fed. Sav. & Loan Ass'n*, 334 S.E.2d 926, 926-27 (Ga. Ct. App. 1985).  Plaintiff has failed to plead any facts showing that SPS owes her any duty.  Accordingly, Plaintiff's claim for negligent servicing fails as a matter of law.

### E.      Plaintiff's fraud claim must be dismissed.

In Count V of his Complaint, Plaintiff attempts to assert a claim for fraudulent misrepresentation under O.C.G.A. § 23-2-52.  Fraud under O.C.G.A. § 23-2-52 exists only as equitable doctrine and will not support an action in tort for damages.  *See Grizzle v. Guarantee Ins. Co.*, 602 F. Supp. 465, 467 (N.D. Ga. 1984) (quoting *Irvin v. Lowe's of Gainesville*, 302 S.E.2d 734, 736 (Ga. Ct. App. 1983)).   In other words, even if Plaintiff were to state a fraudulent misrepresentation claim in his Complaint (which is denied), he cannot recover under this statute.  As explained above, Plaintiff is not entitled to equitable relief of any kind because he has not tendered the amount due under the Loan.  *See, e.g., Peterson v. Merscorp Holdings, Inc.*, 1:12-CV-00014-JEC, 2012 WL 3961211, at n.3 (N.D. Ga. Sept. 10, 2012) (holding equitable relief is not available to a defaulting debtor "unless the debtor has first paid or tendered the amount due on the loan"); *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 583 S.E.2d 844, 846 (Ga. 2003) (applying the "affirmative obligation on a plaintiff to do equity before she may seek equitable relief").

20

Additionally, Plaintiff's fraud claim fails because it does not satisfy the pleading requirements for fraud.  To state a fraud claim, a plaintiff must allege five elements: "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from action, justifiable reliance by plaintiff, and damage to plaintiff."  *Baxter v. Fairfield Fin. Servs.*, 704 S.E.2d 423, 429 (Ga. Ct. App. 2010).   Federal Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud."  As the Eleventh Circuit has explained:

> [t]o comply with Rule 9(b), a complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Thomas v. Pentagon Fed. Credit Union*, 393 Fed. App'x 635, 638 (11th Cir. 2010).

Here, Plaintiff only offers the cursory, unsupported conclusory allegation that "Defendants manipulated Plaintiff into believing that he was being considered for modification" up through the time of foreclosure.  (Doc. 1-2, p. 9, ¶ 55.)  Not only is the allegation contradicted by Plaintiff's bankruptcy filings, but Plaintiff has not specified any "false representations," much less identified the person responsible for making each alleged misrepresentation, the substance or content of the misrepresentation, how he was misled, or what benefit Defendants supposedly

21

ATL:0530018/00945:434389v4

received as a result of the alleged misrepresentation. This Court has previously held that similarly deficient allegations, without more, are insufficient to satisfy the pleading requirements for fraud. *Sampson v. Wash. Mut. Bank*, 453 F. App'x 863, 866-67 (11th Cir. 2011) (dismissing fraud claim for failure to allege "who made the misrepresentations, what their precise content was, when they were made, and where they were made"); *Haygood v. Cmty. & S. Bank*, No. 1:12–cv–295–WSD, 2012 WL 6681732, at *10 (N.D. Ga. 2012) (dismissing fraud claim where plaintiffs failed to specify the person responsible for making each alleged misrepresentation, time and place of the purported misrepresentation, how each misled them, or what was obtained by the misrepresentation).   Accordingly, Plaintiff has not stated any plausible fraud claim here.

### F.    Any claim of "splitting" the Note and Security Deed fails.

Following the enumerated counts in the Complaint, Plaintiff alleges under a heading of "Allegations, Violations, Claims and Fraud" that "the right to foreclose goes away when the promissory Note is 'split' from the Security Deed . . . ." (Doc. 1-2, pp. 11-12, ¶ 74.)  His theory is that when "MERS assigned the Note to [SPS] the Note became unsecured and the Security Deed became worthless."  (Doc. 1-2, pp. 11-12, ¶ 74.)  This theory is equally meritless.

22

Under Georgia law "a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies." *Gordon v. S. Cent. Farm Credit, ACA*, 213 Ga. App. 816, 817, 446 S.E.2d 514, 515 (1994).  The Security Deed expressly states:

> This Security Instrument secures to Lender:  (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, **Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, with power of sale**, the following described property . . .

(Doc. 1-4, p. 3 (emphasis added).)   Pursuant to the above language, Plaintiff expressly granted MERS, and its successors and assigns, the contractual authority to enforce the Note and provisions of the Security Deed.  Thus, MERS had the ability to assign the Security Deed and did not require authorization from any other person or entity to do so.  *See Smith v. Saxon*, No. 09-cv-3375 (N.D. Ga. Mar. 16, 2011), *aff'd* 2011 WL 5375063 (11th Cir. Nov. 8, 2011) ("T]he security deed…transfers rights to MERS, and MERS' assigns may exercise any power contained therein.").  MERS, as nominee for Pine Street, assigned the Security Deed to JP Morgan as of September 22, 2014.  (*See* Ex. A.)  JP Morgan then assigned the Security Deed to Trustee.  (*See* Ex. B.)  Consequently, Trustee was entitled to exercise the rights and remedies in the Security Deed, including the

23

right to foreclose. *You v. JP Morgan Chase Bank*, 293 Ga. 67, 69, 743 S.E.2d 428, 430 (2013) (confirming the holder of a security deed is a "secured creditor" with standing to foreclose under Georgia law).

Other than a myriad of conclusory allegations to the contrary, Plaintiff has not identified any factual or legal basis which would lead to the conclusion that Trustee was not entitled to enforce the terms of the Security Deed. As the holder of the Security Deed, Trustee had standing to conduct a foreclosure sale of the Subject Property. Because Trustee has acted in accordance with, and has exercised rights and remedies provided by, the express terms of the Security Deed, there can be no question Trustee had the requisite standing to foreclose. *You*, 293 Ga. at 69. Therefore, any claim based on an alleged improper assignment has no merit and must be dismissed.

### G.    Plaintiff is not entitled to punitive damages.

Plaintiff does not specifically request punitive damages, but he does repeatedly allege that Defendants' actions show "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care . . . ." (Doc. 1-2, pp. 7, 9, 11, ¶¶ 38, 53, and 73.) Plaintiff is not entitled to punitive damages, though.

While O.C.G.A. § 51-12-5.1 allows a court to award punitive damages in a tort action only where a plaintiff proves by clear and convincing evidence that a

24

defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences,. "[punitive] damages cannot be awarded in the absence of any finding of compensatory damages." *Martin v. Martin*, 600 S.E.2d 682, 683 (Ga. Ct. App. 2004).   Plaintiff cannot prevail on any of his tort claims seeking compensatory damages.   Therefore, any claim for punitive damages similarly fails as a matter of law.

### H.      Plaintiff is not entitled to attorney's fees.

Plaintiff is a *pro se* litigant.   *Pro se* litigants are not eligible to collect attorney's fees.   *See, e.g.*, *Chrysler Fin. Servs. Am., LLC v. Benjamin*, 754 S.E.2d 157, 160 (Ga. Ct. App. 2014); *JarAllah v. Am. Culinary Fed'n, Inc.*, 529 S.E.2d 919, 921 (Ga. Ct. App. 2000).   Accordingly, Plaintiff may not recover attorney's fees, and this claim also must be dismissed.

### CONCLUSION

For the reasons set forth herein, SPS and Trustee respectfully request that the Court grant this Motion and dismiss this action with prejudice, taxing all costs of this action against Plaintiffs and grant SPS and Trustee all relief, in law or in equity, to which they may be justly entitled.

25

DATED:  August 28, 2015.

Respectfully submitted,

**LOCKE LORD LLP**


*/s/ John Michael Kearns*
 Elizabeth J. Campbell
 Georgia Bar No. 349249
 *ecampbell@lockelord.com*
 John Michael Kearns
 Georgia Bar No. 142438
 *john.kearns@lockelord.com*
 3333 Piedmont Road NE
 Terminus 200, Suite 1200
 Atlanta, GA  30305
 Phone:  404-870-4600
 Fax:  404-872-5547

*One of the Attorneys for*
*SPS and Trustee*

26

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that this **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** has been prepared in compliance with Local Rule 5.1 (B) and (C), using 14-point Times New Roman font.

*/s/ John Michael Kearns*
John Michael Kearns
Georgia Bar No. 142438

27

ATL:0530018/00945:434389v4

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2015, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record in this action:

Wm. Matt Suber
Aldridge Connors LLP
15 Piedmont Center
3575 Piedmont Road NE, Suite 500
Atlanta, GA 30305

I further certify that I mailed the foregoing document by first-class mail to the following party:

David R. Owens
737 Winbrook Drive
McDonough, GA 30253
*Plaintiff, Pro Se*

> */s/ John Michael Kearns*
> John Michael Kearns
> Georgia Bar No. 142438
>
> *One of the Attorneys for*
> *SPS and Trustee*

28

ATL:0530018/00945:434389v4