IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID R. OWENS,

        Plaintiff,

    v.

SELECT PORTFOLIO SERVICING
INC., ALDRIDGE CONNORS LLP,
and THE BANK OF NEW YORK
MELLON,

        Defendants.

CIVIL ACTION FILE

1:15-cv-2886-ODE-GGB

## FINAL REPORT AND RECOMMENDATION

This action is before the Court on Defendant Select Portfolio Servicing Inc.'s ("SPS") motion to dismiss Plaintiff David R. Owens's complaint for failure to state a claim.  Owens's complaint was originally filed in Henry County Superior Court and removed to this Court by SPS on the basis of federal diversity jurisdiction.  However, upon reviewing the notice of removal and the underlying complaint, I now **RECOMMEND** that the Court find that diversity jurisdiction does not exist and that the case be **REMANDED** to the Henry County Superior Court.

## I.  Procedural background

In May 2015, Owens filed a complaint in state court against SPS, Aldridge Connors LLP ("Aldridge Connors"), and The Bank of New York.  (Doc. 1-2).

Owens alleged the following claims: "Set Aside Foreclosure Proceeding"; "Wrongful Foreclosure Proceeding"; "Breach of Covenant or Agreement"; "Negligent Servicing"; and "Fraud." (Id.). In August 2015, SPS and the Bank of New York removed the case to this court. (Doc. 1). Shortly thereafter, the same two defendants moved to dismiss Owens's complaint for failure to state a claim.

## II.   Discussion

Generally speaking, any case brought in state court over which a federal court would have original jurisdiction may be removed to federal court. 28 U.S.C. § 1441. The party seeking removal has the burden to establish federal jurisdiction. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Even without a motion, the federal court shall remand a case to state court if it does not have subject matter jurisdiction over the case. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over cases in which the amount in controversy exceeds $75,000 and the suit is between parties that are citizens of different states. 28 U.S.C. § 1332(a)(1). In order for diversity jurisdiction to exist, there must be complete diversity between all named plaintiffs and all named defendants. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 85, 126 S.Ct. 606, 610, 163 L.Ed.2d 415 (2005).

2

SPS asserts that Plaintiff is a Georgia citizen, SPS is a Utah citizen, and the Bank of New York is a Delaware citizen. (Doc. 1 at 4-5). SPS does not assert Aldridge Connors's citizenship, but rather argues that it is a nominal, fraudulently joined party whose citizenship does not matter in determining diversity. (Id. at 5-9).

If a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction, the court must ignore the presence of that defendant in evaluating jurisdiction. Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011). To establish such fraudulent joinder, the removing party has the "heavy" burden of proving by clear and convincing evidence that either (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pleaded jurisdictional facts to bring the resident defendant into state court. Id.

SPS makes no allegation of fraudulently pleaded facts. In evaluating the first option from Stillwell, the court evaluates factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state law in the plaintiff's favor. Id. at 1332-33. This Court should not make a final determination of whether the plaintiff has a winning case, but rather should remand if it finds that

3

"there is even a possibility that a state court would find that the complaint states a cause of action" against the resident defendant.  Id. at 1333.

SPS argues that there is no possibility of a valid cause of action against Aldridge Connors in its role as foreclosure counsel.  (Doc. 1 at 6).  It asserts that Owens has made no allegations against Aldridge Connors, and, legally, the firm cannot be held liable without a specific allegation against it.  (Id.).

SPS is correct that none of Owens's counts individually name Aldridge Connors as a Defendant.  However, Aldridge Connors is a Defendant in the style of the case and, in his wrongful foreclosure count, Owens alleges that "defendants" failed to properly pursue foreclosure, including false and insufficient advertising of the foreclosure sale.  (Doc. 1-2 at 5-6).  In the other sections of the complaint, Owens specifically named SPS when making allegations, which suggests that he intended to include Aldridge Connors when asserting his claims against "defendants."

In a recent case, the Georgia Court of Appeals held that a plaintiff properly stated a claim for wrongful foreclosure against a mortgage holder *and* its foreclosure law firm insofar as the plaintiff alleged that the defendants published defective foreclosure sale advertisements.  Racette v. Bank of America, N.A., 733

4

S.E.2d 457, 460, 462 (Ga. Ct. App. 2012).  Here, the complaint, fairly read, makes such an allegation against Aldridge Connors.  I need not evaluate his likelihood of success on that claim.  It is enough that, given the court's holding in Racette, I find it possible that state law would recognize Owens's claim.  See Stillwell, 663 F.3d at 1333.

SPS also argues that Aldridge Connors's citizenship can properly be ignored because Aldridge Connors is a nominal party.  Nominal, or formal, parties should be ignored when evaluating diversity of the "real parties to the controversy."  Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980).  In Navarro, the Court implied that a trustee who lacked legal title but was merely a conduit "for a remedy flowing to others" could be considered a nominal party.  Id. at 465, 100 S.Ct. at 1784.

The former Fifth Circuit cited with approval a holding that a party was "nominal" if its role in the party was that of a depositary or stakeholder.  Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325, 327 (5th Cir. 1970).  It also cited another formulation of whether the court

5

could, consistent with equity and good conscience, enter a final judgment in the absence of the resident party in a way that would not be unfair to the plaintiff.  Id.[1]

Aldridge Connors is not a mere stakeholder in this litigation.  Owens's allegation of malfeasance in the foreclosure sale process directly implicates actions (or inactions) allegedly taken by Aldridge Connors.  Aldridge Connors undertook any alleged action as legal representative of another party.  However, as the claim is based on its actual actions, Aldridge Connors is not the mere conduit for a remedy discussed in Navarro.  Accordingly, I find that Aldridge Connors is not a "nominal party" to the suit.

---

[1] I question whether the "nominal party" doctrine retains any validity.  As stated in Tri-Cities, after the Supreme Court decided that all defendants must join a removal petition, federal Courts excluded nominal or formal parties from that requirement.  In 2011, Congress amended § 1446 to include language that "all defendants who have been properly joined and served must join in or consent to the removal of the action." Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125 Stat. 758, 760 (2011).  Prior versions of the statute had been silent on the issue, and the added language, failing to provide an exception for nominal parties, could be read as overruling the principle that nominal parties need not consent to removal.  However, as I find that Aldridge Connors does not meet the definition of a "nominal party," I need not decide the complicated legal issue of whether the doctrine retains validity in the context of determining diversity of citizenship.

6

## III.   Conclusion

As discussed, SPS has failed to meet its burden to establish diversity jurisdiction.  Further, it has not alleged any other basis for federal jurisdiction. Therefore, I **RECOMMEND** that the case be **REMANDED** to the Henry County Superior Court, pursuant to 28 U.S.C. § 1447(c), because this Court lacks subject matter jurisdiction over the case.

IT IS SO RECOMMENDED this28th day of December, 2015.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

7

AO 72A
(Rev.8/82)